## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

RANDAL COWEN, and
KEITH KRANHOLD, Executor of the Estate of
Kenneth Kranhold, on behalf of themselves                    No:
and all others similarly situated,

                          Plaintiffs,

      v.

AIR METHODS CORPORATION and
ROCKY MOUNTAIN HOLDINGS, LLC,

                          Defendants.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff Randal Cowen ("Plaintiff Cowen), and Keith Kranhold, Executor of the Estate of Kenneth Kranhold, ("Plaintiff Kranhold") by and through their counsel, brings this action individually and on behalf of all others similarly situated (the Class), and allege as and for their Class Action Complaint against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC, (hereafter "Defendants"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, inter alia, the investigation made by his attorneys, as follows:

### INTRODUCTION

1.    Plaintiffs bring this proposed class action on behalf of themselves and all other similarly situated person charged by Defendants for the transportation of patients to hospitals throughout the United States, including the States of Missouri and Arizona.  For individuals like

Plaintiffs, first responders or other emergency personnel determine whether a patient needs emergency helicopter transport to the hospital. The transportation is arranged and patients are transported.

2.     There is no express contract for the payment of the prices charged for the transportation between Plaintiffs, the Proposed Class, and the Defendants. Defendants do not inform either the patients, or those charged for that transportation, the price of the transportation, and no express agreement exists to pay the price charged by the Defendants.

3.     After the transportation is complete Defendants sends a charge for the transportation comprised of the total of a "mileage" charge and a "helicopter roto base charge", (collectively "charged amount") and demands payment from the Plaintiffs and the Proposed Class.

4.     The Plaintiffs can include the patient transported, the legal custodian of the patient (in the case of minor patients), the estate of a deceased patient, or any person or entity from whom Defendant has demanded payment.

5.     The price comprising the charged amount is never disclosed to the Plaintiffs, or the Class, by Defendants, nor is the price charged agreed to, or negotiated by the Defendants and the persons charged prior to transportation of the patient. As such there is no express contract between the Plaintiffs, the Class and the Defendants as to the price to be charged for any services provided.

6.     In this action, Plaintiffs, on behalf of themselves and the Proposed Class, seek to enjoin Defendants from engaging in any collection efforts related to the transportation of patients in the absence of an express agreement concerning the price to be charged agreed upon by the parties prior to the transportation, and for a Declaration with respect to Plaintiffs, and the Class'

legal obligation, if any, with respect to payment to Defendants of the prices charged for the transportation services provided.

7.      The Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1) provides:

> "[A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

8.      Upon information and belief, the Defendants are "air carriers", and hold themselves out as "air carriers" under 49 U.S.C. § 40102(a)(2).

9.      Upon information and belief Defendants know the prices they charge for mileage and "helicopter rotor base" transportation services before the transportation of patient passengers.  In spite of this knowledge, Defendants fail to disclose this pricing to Plaintiffs prior to, and at the time transportation of patients occurs: thus, they fail to contract with Plaintiffs for the prices they charge.  Rather Defendants seek reimbursement of the charged amounts from third parties, and thereafter claim that Plaintiffs and the Proposed Class are obligated to pay the prices charged in spite of Plaintiffs and the Proposed Class never having agreed to pay these prices.

10.     Neither Plaintiffs nor the Class voluntarily undertook to pay Defendants the prices charged by them for the transportation services provided.

11.     Defendants send statements for the charged amount to the Plaintiffs and demand payments for prices that the Plaintiffs never agreed to pay. In the absence of payment, Defendants initiate collections, report the amount charged as an unpaid bill to credit reporting agencies, engage in collection efforts, and initiate suit in state courts, or seek to enforce state law related to the price or services they provide.

12.     Defendants demand payment, initiate collection efforts, and threaten suit in state court for judgments based upon prices never disclosed and agreed upon for the services provided by the Defendants in spite of the fact that Defendants knew, prior to the transportation, the prices they would charge.

13.     Absent an express agreement between Plaintiffs and the Defendants regarding the prices Defendants charge, Plaintiffs and the proposed Class have no legally enforceable obligation to pay the Defendants for the transportation services they provided, nor are they legally obligated to pay any amount that might be imposed by operation of state law.

## PARTIES

14.     Plaintiff Randal Cowen is a citizen of the State of Missouri, and father and legal custodian of Jarrett Cowen, a minor.

15.     Plaintiff Keith Kranhold is the Executor of the Estate of Kenneth Kranhold, deceased, and a citizen of the State of Arizona.  At all times relevant hereto, Kenneth Kranhold was a resident and citizen of the State of Arizona. Keith Kranhold is the father of Kenneth Kranhold who died as a result of his injuries on approximately November 14, 2015.

16.     Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business located at 7301 South Peoria Street, Englewood, Colorado 80112 and with its registered agent, C T Corporation System, located at 1675 Broadway, Ste. 1200, Denver, Colorado 80202.

17.     Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business located in Cincinnati, Ohio and with its registered agent C T Corporation System, located at 1300 East Ninth Street, Cleveland, Ohio 44114.  On information and belief, Defendant Rocky Mountain Holdings, LLC,

is a holding company that owns Air Methods Corporation and directs all collection efforts jointly with the Defendant Air Methods.

18.     Defendants practices and policies are referenced herein emanate from their corporate operations in Colorado.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction pursuant to 28 U.S.C § 1331 and § 1332(d)(2).  The matter arises under the laws of the United States, in particular 49 U.S.C. § 41713(b)(1).  Further, the matter in controversy, exclusive of interest and costs, exceeds the sum or value of five million dollars ($5,000,000.00) and is a class action in which Plaintiffs and members of the Class are citizens of states different from Defendants.

20.     This Court has personal jurisdiction over Defendants because they are authorized to do business and are conducting business throughout the United States, including Colorado; they have sufficient minimum contacts with the various states of the United States, and the State of Colorado; and/or sufficiently avail themselves of the markets of the various states of the United States, including Colorado, to render the exercise of jurisdiction by this Court.

21.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District, Defendants maintain offices in this District and are subject to personal jurisdiction in this District, and have consented to venue in this District.

22.     Venue is also proper because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this

District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## FACTS

23.     On August 21, 2015 Plaintiff Cowen's minor son, Jarrett Cowen sustained an injury which required medical attention. He was transported by ambulance to the emergency room at Lake Regional Hospital, Osage Beach, Missouri.  The medical personal at Lake Regional recommended that he be transported by helicopter to the University of Missouri Hospital in Columbia Missouri, approximately 60 miles away.  On August 21, 2015, Defendants transported Plaintiff Cowen's son to University of Missouri Hospital in Columbia Missouri.

24.     No express oral or written contract was agreed to between Plaintiff Cowen and Defendants regarding the price Defendants would charge for the transportation of Jarrett Cowen, and Defendants did not state the price Defendants charged for their services. Nor did Plaintiff Cowen agree to any price or other consideration to be paid by the Plaintiff to the Defendants for transportation.

25.     Defendants transported Jarret Cowen and minor, without any agreement regarding the prices Defendants would charge for that transportation.

26.     Following the transport, Defendants billed Plaintiff Cowen a total of $47,128.30 and itemized this charge as $28,038.70 as the Helicopter Rotor Base charge, along with an additional $19,089.60 for 60 miles of transport.  *See* Exhibit A, September 4, 2015 Invoice.

27.     The Defendants' invoice was submitted by Defendants to Plaintiff Cowen's third party health insurance provider Camdenton RIII School district which claim was administered by Med-Pay, Inc.

28.     Plaintiff Cowen's medical insurance provider paid Defendants $4,955.17.  *See* Exhibit B, October 27, 2015.

29.     On June 15, 2016 Defendants billed Plaintiff Cowen $42,172.53, the charged amount and demanded payment.  *See* Exhibit C, June 15, 2016.

30.     On July 29, 2016 Defendants informed Plaintiff Cowen that they would initiate collection efforts stating:  "Without you[r] participation to resolve your account, it will be sent to a professional Collection Agency.  Keep in mind that the agency may report this account to national credit bureau's as a BAD DEBT and add all legally allowed interest and fees."  *See* Exhibit D, July 29, 2016.

31.     On January 24, 2017, Defendants placed the "debt" with "MediCredit Inc." a collection agency for collections and charged Plaintiff Cowen an additional $5,938.82 in "interest", for a total of $48,111.35.  *See* Exhibit E, January 24, 2017.

32.     Plaintiff Keith Kranhold is the executor of the Estate of Kenneth Kranhold.

33.     On November 14, 2015 Plaintiff's decedent Kenneth Kranhold sustained an injury requiring medical attention.  As a result of the injury Kenneth Kranhold was unconscious and remained so until his death on November 18, 2015.

34.     On November 14, 2015 Kenneth Kranhold was admitted to Yavapai Hospital, Prescott, Arizona from which he was transported by Defendants to Banner Thunderbird Medical Center, Glendale, Arizona, approximately 68 miles.

35.     No express oral or written contract was agreed to between Plaintiff Keith Kranhold and Defendants regarding the price Defendants would charge for the transportation of Kenneth Kranhold.  Nor did Plaintiff Kenneth Kranhold agree to any price or other consideration to be paid by the Plaintiff Kranhold to the Defendants for transportation.

36.     Defendants transported Kenneth Kranhold, deceased, without any agreement regarding the price Defendants would charge for that transportation.

37.     Following the transport, Defendants billed decedent Plaintiff Kranhold a total of $54,999.00 and itemized this charge as $25,258.61 as the Helicopter Rotor Base charge, along with an additional $29,740.39 for 68 miles of transport.  *See* Exhibit F, December 24, 2015 Invoice.

38.     The Defendants' invoice was submitted to Plaintiff Kranhold's decedent's health insurance provider Compass Rose Health Plan and claims and administered by United Healthcare (UMR) (collectively "Kranhold Medical Insurance Provider").

39.     Kranhold's Medical Insurance Provider paid Defendants $12,612.25.  *See* Exhibit G, March 30, 2016.

40.     On September 13, 2016 Defendants billed the Estate of Kenneth Kranhold $42,386.75.  See Exhibit H, September 13, 2016.

41.     Defendants have threatened the initiation of collection efforts if they are is not paid $42,386.75.

42.     Neither Plaintiff Kranhold, nor Plaintiff Kranhold's decedent ever agreed to pay the prices charged by the Defendants for the transportation services provided.

## CLASS ACTION ALLEGATIONS

43.     This action is brought and may be maintained as a class action pursuant to Rule 23 of the Fed. R. Civ. P.  The requirements of Fed. R. Civ. P. 23(a) and (b)(2) are met with respect to the class defined as follows::

> All individuals who have been charged by Defendants for medical transport by Defendants from a location located in the United States without an express

contract, prior to transport, to pay specific mileage and helicopter rotor based amounts charged prior to transport.

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

44.     Plaintiffs reserve the right to redefine the Proposed Class prior to class certification.

45.     The members of the Proposed Class are so numerous that joinder of all members is impracticable.

46.     The exact number of Class members is unknown as such information is in the exclusive control of Defendants. However, due to the nature of the trade and commerce involved, Plaintiffs believe the Proposed Class consists of thousands of Class Members.

47.     Common questions of law and fact affect the right of each Class member and a common relief by way of declaratory judgment and injunction, including at least the following:

a.   Did the Defendants and Plaintiffs have an express and enforceable contract for Plaintiffs to pay a specified price for Defendants patient transportation services;

b.   Did the Defendants have a fixed mileage price and "helicopter rotor base" price for the transportation before patients were transported;

c.   Did Defendants communicate their fixed mileage price and "helicopter rotor base" price for the transportation to Plaintiffs and the Proposed Class, before the patients were transported;

d.  Did the Defendants demand payment of a fixed mileage price and "helicopter rotor base" price for the transportation of patients when the mileage and helicopter rotor base price had not been expressly agreed to Plaintiffs and the Proposed Class;

e.  If there was no negotiated and agreed to fixed mileage price and "helicopter rotor base" price for the transportation, do Plaintiffs and the Class, and Defendants have a contract to price stated in the Defendants' charged amounts without the imposition of any state law to supply missing terms;

f.  What price, if any, did Plaintiffs, the Class, and the Defendants agree to pay for the transportation of patients, and is that price by express contract between the parties, or imposed by operation of law;

g.  Does the Airline Deregulation Act 49 USC §41713 preempt the Defendants from judicially imposing an agreement to pay the prices for mileage and helicopter rotor base that the Plaintiffs and the Proposed Class did not expressly agree to pay;

h.  What are the respective rights of the parties, under the Airline Deregulation Act 49 USC §41713 preemption provisions, with respect to the Defendants seeking to supply missing price terms to an agreement for the payment of transportation services which were not expressly agreed to by the parties, prior to the transportation services being provided;

i.  Under the Airline Deregulation Act 49 USC §41713 preemption provisions, what are the respective legal rights of the parties for Defendants to seek collection of their charged amounts for patient transportation services where

the prices charged were not expressly agree to;

j.  Under the Airline Deregulation Act 49 USC §41713 preemption provisions, can Defendants employ collections efforts using state law to obtain a judgment against Plaintiffs and the Proposed Class, to recover Defendants' charged amounts;

k.  Whether the Airline Deregulation Act 49 USC §41713 preemption provisions prohibit Defendants from seeking collection of charged amounts in state or federal court in the absence of a express agreement to pay the charged amount;

l.  Whether Defendants breached a contract with Plaintiffs and Proposed Class, by charging them prices for mileage and helicopter rotor base amounts that the Plaintiffs and the Proposed Class did not expressly agree to pay; and

m.  Whether the Court should grant injunctive relief to Plaintiffs and the Proposed Class to prevent the all further collection efforts by the Defendants.

48.  The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the Proposed Class. Plaintiffs and all members of the C lass have been charged by the Defendants prices for transportation mileage and helicopter rotor base that they did not agree to prior to transportation of patients.

49.  The named Plaintiffs will fairly and adequately assert and protect the interests of the Proposed Class. Specifically, they have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the class and they have no conflict of interest that will interfere with the maintenance of this class action.

50.     A class action provides a fair and efficient method for the adjudication of

this controversy for the following reasons:

    a.    The common questions of law and fact set forth herein predominate over any questions affecting only individual class members;

    b.    The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

    c.    There are no unusual legal or factual issues which would create manageability problems;

    d.    Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct; and

    e.    Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests.

## CAUSES OF ACTION

### COUNT I

**(Declaratory Relief Pursuant To 28 U.S.C §2201)**

51.     Plaintiffs and the Proposed Class incorporate the preceding and succeeding

paragraphs as though set forth herein at length.

52.     Prior to the receipt of services, no negotiation of contract terms regarding the

price of Defendants transportation services took place and Plaintiffs, the Proposed Class and

Defendants did not enter into an agreement on the price Defendants would charged, and the

Plaintiffs agreed to pay for transport services.

53.     In all instances, Defendants seek assistance form the Plaintiffs and the Proposed Class to obtain third party payment for the charged amounts.

54.     In the event there is no third party payment or that payment is less than the charged amounts Defendants demand payment ("balance bill") and initiate detrimental collection efforts against Plaintiffs and the Proposed Class.

55.     In the event Plaintiffs and the Proposed Class do not pay Defendants the charged amounts, Defendants threaten collection, report the unpaid charged amount as Bad Debt to credit reporting agencies, accrue interest and fees, and ultimately suit in state court for the amounts charged, or for the purpose of coercing Plaintiffs and the Proposed Class in compromise payments that they do not owe, and Defendants cannot legally collect.

56.     Plaintiffs seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between the Plaintiffs, the Proposed Class and Defendants.

57.     Defendants have acted in a uniform manner in failing to enter into a contract with respect to the price it would charge for transportation services before rendering their services, balance bill the Plaintiffs and the Class, in the event the charged amounts are not paid, and engage in collection efforts.

58.     Defendants have acted or refused to act on grounds that apply generally to Plaintiffs and the Class such that declaratory relief to determine whether Defendants and Plaintiffs, and the Class, have enforceable agreement the enforcement of which is no preempted by the Airline Deregulation Act, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Proposed Class as a whole within the meaning of Fed. R. Civ. P. 23.

59.     Defendants have demanded payment of the charged amounts from the Plaintiffs and the Proposed Class, and have threatened or initiated collection efforts against the Plaintiffs and the Proposed Class.

60.     There is an actual dispute and controversy between Plaintiffs and the Proposed Class, and Defendants as to whether Defendants can demand payment for services concerning which no price was agreed, can engage in collection efforts where no legally enforceable contract exists, can impose interest and costs of collection on Plaintiffs and the Class, and whether any attempt by Defendants to collect the amounts charged under the circumstances is prohibited by the preemption provisions of the  Airline Deregulation Act, 49 USC §41713.

61.     Plaintiffs and the Class have no adequate remedy at law.

62.     Plaintiffs seek declarations to determine the rights of the Proposed Class Members, in particular:

    a.  The Court finds that Defendants and Plaintiffs and the Class did not entering into any express contract for Plaintiffs and the Class to pay the prices charged by the Defendants for the transportation services it provided;

    b.  The Court finds that the Airline Deregulation Act, 49 U.S.C. §41713 preempts Defendants seeking judicial enforcement or judgment against Plaintiffs and the Class where Defendants and the Plaintiffs, and the Class, did not expressly agree to pay the prices charged prior to the transportation of patients;

    c.  The Court finds that Defendants have no legal enforceable right to collect the prices charged in court proceedings, or other collection efforts, and Plaintiffs and the Class, have no obligation to pay Defendants' the prices charged by Defendants for the transportation of patients.

      d.   The Court finds that Defendants have engaged in collection efforts against Plaintiffs and the Class for amounts that the Plaintiffs and the Class did not expressly agree to pay, and that Defendants are preempted by the Airline Deregulation Act 49 USC §41713 from seeking collection through state court proceeding, or other proceedings seeking to impose state law to impose price terms which Plaintiffs and the Class did not expressly agree to pay.

63.    Plaintiffs and the Proposed Class further seek a prospective order from the Court requiring Defendants to: (1) cease charging for the transporting of patients without an express agree as to the rates for mileage and helicopter rotor base; and (2) to cease Defendants' attempts to collect outstanding bills for which no express agreement as to price exists from Plaintiff and the Members of the Proposed Class.

64.    Plaintiffs and the Proposed Class seek the disgorgement by Defendants of all sums collected by the Defendants from third party payers, and the Proposed Class who have paid any amounts charged by the Defendants and other relief as set forth in the prayer below.

65.    Defendants collection efforts, damage the credit of Plaintiffs and the Class, cause they to incur legal fees and litigation expenses, expose Plaintiffs and the Class to claims for interest on unpaid Defendants' charges and vexing and harassing collection efforts. As a result of Defendants' practices as described above, Plaintiffs and the Proposed Class have suffered, and will continue to suffer, irreparable harm and injury.

66.    Accordingly, Plaintiffs and Members of the Proposed Class respectfully ask the Court to enter a permanent injunction ordering Defendants to cease and desist their practice of charging Plaintiff and the Proposed Class for transporting patients in any amount greater than the

expressly agreed upon price contracted for by Defendants and the Class prior to the transportation of patients.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Proposed Class of persons described herein, pray for an Order as follows:

a)      Entering an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

b)      Awarding Plaintiffs all costs and disbursements, including attorneys' fees, experts' fees, and other class action related expenses;

c)      Imposing a constructive trust, where appropriate, on amounts wrongfully collected from Plaintiffs and the Class Members pending resolution of their claims herein;

d)      Issuing appropriate declaratory and injunctive relief to declare the rights of Plaintiffs and the Class Members; and

e)      Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims and issues.


Date: March 29, 2017                              Respectfully Submitted By:


                                                  s/Richard J. Burke _____
                                                  Richard J. Burke
                                                  richard@qulegal.com
                                                  Jamie Weiss
                                                  jamie@qulegal.com
                                                  Zachary A. Jacobs
                                                  zach@qulegal.com
                                                  QUANTUM LEGAL, LLC
                                                  513 Central Avenue, Suite 300
                                                  Highland Park, IL 60035
                                                  Phone: (847) 433-4500
                                                  Fax:  (847) 433-2500